**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GEORGE W. GILL,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

     Defendant-Appellee.

No. 98-7061
(D.C. No. CV-97-8-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is taken from the district court's judgment upholding the Commissioner's denial of social security disability and supplemental security income benefits. The administrative law judge (ALJ) determined at step five of the applicable analysis, that considering plaintiff's impairments along with other factors, plaintiff has the residual functional capacity (RFC) to perform jobs, other than his past relevant work, which exist in significant numbers and therefore was not entitled to benefits. See 20 C.F.R. §§ 404.1520 and 416.920; see generally Williams v. Bowen , 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-part sequential evaluation process). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

On appeal, plaintiff alleges that (1) the ALJ failed to properly evaluate the evidence of plaintiff's pain and physical impairments and to consider the vocational impact of those impairments at step five of the sequential process, and (2) the ALJ failed to show plaintiff could perform a significant number of alternative jobs because the hypothetical question presented to the VE did not accurately reflect plaintiff's impairments. See Appellant's Br. at 4.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater , 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted). We may neither reweigh the evidence nor substitute our judgment for the Commissioner's. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). At step five of the sequential evaluation, the burden falls on the Commissioner to establish that plaintiff is capable of performing work existing in the national economy. See Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998).

Plaintiff was born in May of 1959 and claimed he has been unable to work since April 16, 1994, because of a right rotator cuff tear, which causes shoulder pain and decreased strength in his right shoulder and hand. The medical evidence reflects that plaintiff suffered several injuries to his right shoulder from 1987 through the alleged onset of disability date, for which he has been treated at various times with arthroscopic surgery, physical therapy, shots, moist heat, and certain restrictions on activity. His past relevant work is classified as semi-skilled or unskilled and of a medium to heavy exertional level.

At the hearing before the ALJ, plaintiff testified that he was thirty-six years old and had finished high school; that he could lift between ten and twenty pounds with his right hand; that he walks, vacuums, visits friends, and watches television. His disability report states that he drives a truck, visits his parents, and watches stock car racing. Relying on the testimony of a vocational expert

(VE), the ALJ determined there are a significant number of light jobs which plaintiff could perform, subject to certain lifting restrictions and considering a twenty-five percent reduction in the use of plaintiff's right hand.  These jobs included light cashier, light office helper, mail clerk, housekeeping, and cleaning.

Plaintiff first claims that the ALJ's finding that plaintiff retains the capacity to perform a full range of work, subject to strength and lifting limitations, on a sustained basis is not supported by substantial evidence. We disagree.  The ALJ carefully considered the relevant medical evidence presented and disregarded what evidence was not relevant because it was duplicative, lacking in diagnosis, repetitive or related to a time not covered by the claim.

Plaintiff alleges the ALJ erroneously concluded that "despite three injuries to his right dominant shoulder, severe pain in his right shoulder, arm, hand and right side, that [plaintiff] had the physical ability to do work which required lifting as much as 20 pounds and perform the standing and walking associated with that type of work."    See Appellant's Br. at 22.  Instead, the ALJ found plaintiff's claim of severe pain lacking in credibility for a number of reasons, all of which are supported by the evidence in the record.    See Appellant's App., Vol. II at 17-18.  Moreover, plaintiff testified he could lift ten to twenty pounds,    see

id. at 45-46, and that he could stand and sit at least thirty minutes, perhaps more. See id. at 37-38.

The medical evidence reflects that as of September 1993, although still experiencing discomfort in his shoulder, plaintiff stated he was getting better with therapy, and Dr. George S. Mauerman returned him to light activity with no lifting of more than fifty pounds above shoulder height. See id. at 123. X-rays of his shoulder revealed "no evidence of fracture dislocations or other bony abnormality." See id. at 177. As of March 11, 1994, plaintiff told Dr. Michael D. Farrar, D.O., that his shoulder was weak and his strength decreased. See id. at 209. The doctor reported, on examination, a normal upper left extremity, some strength deficiency, and radiographs of the right shoulder showing no substantial degenerative changes. Plaintiff was able to complete full ranges of motion, though accompanied by pain. See id. at 210. In considering plaintiff for permanent impairment, Dr. Farrar concluded that plaintiff showed impairment of twenty-six percent permanent partial impairment to the right arm. See id. at 211. On May 10, 1995, Dr. Farrar noted he did not believe plaintiff to be "100% permanently totally disabled for any occupation" and thought plaintiff could be retrained. See id. at 208.

On examination in January of 1995, at which time plaintiff stated he had "shoulder problems," Dr. J. Michael Ritze, D.O., reported tenderness in the right

anterior shoulder region, twenty-five percent decreased strength in the right arm in abduction (with an otherwise normal range of motion), and "palpable osteopathic lesions in the right coracoid process, right shoulder, rotator cuff." Id. at 106-07. Dr. Ritze's overall assessment was "(1) Chronic right shoulder instability with the history of rotator cuff tear with prior injuries times three. (2) Tobacco abuse. (3) History of alcoholism. (4) Obesity." See id. at 107.

Plaintiff also claims the ALJ failed to find that the diagnosis of a twenty-five percent loss of use of plaintiff's right arm and hand included pain. See Appellant's Br. at 28. In considering plaintiff's allegations of pain, the ALJ reviewed the entire record, including plaintiff's testimony and the objective findings of treating and examining physicians. See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996) (record must demonstrate ALJ considered all evidence, but ALJ not required to discuss every piece of evidence). The ALJ found plaintiff's claim of pain to be lacking in credibility based on plaintiff's failure, without explanation, to seek medical treatment since the alleged onset of disability (a fact plaintiff did not dispute), the type of medication plaintiff takes for pain (Ibuprofen), and the lack of pain-related behavior plaintiff exhibited. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

The ALJ adequately considered factors (to the extent applicable to this case) including:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993) (further quotation omitted).

In all of the medical reports, no doctor has suggested plaintiff suffers from disabling pain. This is not a situation in which the absence of evidence is made to serve as substantial evidence to meet the Commissioner's burden at step five, cf. Thompson at 1491, but rather one in which the relevant medical evidence in the record simply does not support plaintiff's claim of disabling pain. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (medical records must be consistent with nonmedical testimony as to severity of pain).

Plaintiff also argues that the ALJ failed to comply with Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996), in assessing plaintiff's RFC. This argument was not raised in district court, and we will not address it here. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling

reasons, we do not consider arguments that were not presented to the district court.").

Plaintiff also claims that the hypothetical question posed to the VE by the ALJ did not relate with precision to all of plaintiff's impairments. Because the ALJ found plaintiff's testimony as to the extent of his limitations was neither completely credible nor supported by objective medical evidence, however,  see Appellant's App., Vol. II at 16-18, the ALJ was not required to include all of plaintiff's complaints in the hypothetical question.  See Decker v. Chater , 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations supported by the record). Although plaintiff claims his attorney's "valid hypothetical question" established that there were no jobs plaintiff was able to perform, Appellant's Br. at 34, plaintiff does not support this conclusion with any objective medical evidence other than his own statements, which, as noted, the ALJ did not find fully credible.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge


-8-